# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08-CV-00154-JHM

GLENN COLLINS                                          PLAINTIFF

V.

PETE GEREN, SECRETARY OF THE ARMY, et. al.            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Pete Geren, Secretary of the Army, Kevin Salvilla, and Peter Frick's, Motion to Dismiss or, in the alternative, for Summary Judgment [DN #28]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **GRANTS** the Defendants' motion to dismiss.

## I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere

possibility of misconduct." Id. at 1949-50. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. BACKGROUND

Plaintiff Glenn Collins was a Park Ranger assigned to the U.S. Army Engineer District, Louisville, Operations Division, Barren River Lake, Louisville, Kentucky. During his seventeen years of service Plaintiff was routinely evaluated and reviewed. After sixteen years of receiving satisfactory reviews, Plaintiff received less favorable reviews over his final eighteen months of employment. On May 25, 2007, Plaintiff was given a notice of proposed removal that cited various grounds for his removal including his inability to meet certain performance objectives, to work as part of a team with other rangers, to establish effective working relationships with proposed members and customers, and to treat those same people with respect. Plaintiff responded in writing to the allegations in the notice of proposed removal and argued that he was being subjected to unfair treatment by his superior Defendant Salvilla.

Plaintiff's response and his allegations of unfair treatment were investigated by Defendant Frick, who was Defendant Salvilla's superior and the Acting Chief. Following the investigation, Defendant Frick issued a letter to Plaintiff advising him that he would be terminated from his position, effective October 2, 2007. After Plaintiff's termination, he filed an EEO complaint through the Army's EEO process. An investigation and fact finding hearing was conducted by the Department of Defense Civilian Personnel Management Service Investigations and Resolutions Division. The result of the investigation and hearing was a report issued on July 29, 2008, finding that there was no discrimination in Plaintiff's termination. Following the issuance of that report, the Department of the Army Equal Employment Opportunity and Complaints Review issued a final

2

decision finding no discrimination. This lawsuit followed.

## III. DISCUSSION

A liberal reading of Plaintiff's Complaint reveals a possible hostile work environment claim and a possible age discrimination claim. The hostile work environment claim is governed by Title VII. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The age discrimination claim is governed by the Age Discrimination in Employment Act (ADEA). The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

Defendants argue that Plaintiff's Complaint fails to state a claim because it does not plead facts that show a prima facie case of either hostile work environment discrimination or age discrimination as required by McDonnell Douglas. However, in Swierkiewicz v. Sorema N.A., the Supreme Court overruled the Second Circuit's use of the prima facie case standard as an evaluation of the sufficiency of the plaintiff's Title VII and ADEA claims stating that "[t]he prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement." 534 U.S. 506, 510 (2002). The Court found that the proper standard to use when evaluating pleadings alleging discrimination was Fed. R. Civ. P. 8(a). Id. at 514.

Under Rule 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-

3

unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (internal quotation marks omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Twombley 550 U.S. at 570.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S. Ct. 1955 (brackets omitted).

Iqbal, 129 S. Ct. at 1949. A complaint is insufficient if it tenders only "naked assertion[s]' devoid of further factual enhancement." Id. (internal quotation marks omitted).

It is clear that the sufficiency of Plaintiff's Complaint should be evaluated under Rule 8 and not under the McDonnell Douglas prima facie case standard. That being said, Plaintiff must still present sufficient factual allegations that his claims of discrimination are plausible and not merely possible. Plaintiff has failed to do so.

The Complaint fails to set out factual allegations that support Plaintiff's claims as required by Iqbal. Regarding Plaintiff's hostile work environment claim, the Complaint alleges that his supervisors actions were intentional and were "done with a joint effort and joint nature and joint intent in mind, to cause the termination of [Plaintiff] and were done with the intent to create such a hostile work environment which would cause [Plaintiff] or any other reasonable and normal man to react and respond to false or incorrect charges which were repeatedly being leveled against him." Pl.'s Compl. ¶ 10. What is missing from this allegation is any indication that the alleged hostile work environment was brought about due to the Plaintiff's race, color, religion, sex, or national origin. In fact, nowhere in the Complaint does Plaintiff mention or discuss race, color, religion, sex, or national origin or whether those categories were a factor in the Defendants' decision to terminate

4

him.  Reading the relevant sections of the Complaint, the Court is unable to find a plausible claim for hostile work environment.

Likewise, Plaintiff's potential age discrimination claim fails to satisfy the plausibility threshold of Rule 8.  The lone allegation regarding age discrimination found in the Complaint is that "[Plaintiff] further believes that the actions of these Defendants were of an intentional nature so as to cause [Plaintiff] to react and to bring about his dismissal so that he would not be able to receive his full retirement and benefits in approximately 4 years."  Pl.'s Compl. ¶ 6.  However, the Complaint is devoid of any other factual allegations that would support Plaintiff's claim that he was fired in order to prevent him from retiring with full benefits.  Furthermore, in his Response to Defendants' Motion to Dismiss, Plaintiff does not even address the Defendants contention that his age discrimination claim should be dismissed.[1]

The Court finds that the pleadings lack sufficient factual content on their face to allow the Court to draw the reasonable inference that the Defendants are liable for discrimination under Title VII or the ADEA.  Therefore, the Court finds that the pleadings do not satisfy Rule 8 and that Plaintiff's claim is dismissed.

In as much as the Court is finding in favor of the Defendants, it finds the Defendants Reply unnecessary for the determination of this matter and finds its motion for an extension to file a reply [DN 38] is moot.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants Pete Geren,

---

[1] To the extent that Plaintiff argues in his Response that his primary claim is a Due Process violation regarding the Army's EEOC process, the Court finds that such a claim is not alleged in the Complaint, therefore, the Court will not address it.

Secretary of the Army, Kevin Salvilla, and Peter Frick's, Motion to Dismiss or, in the alternative, for Summary Judgment [DN #28] is **GRANTED**.

cc: counsel of record